RONALD P. SLATES   State Bar #43712
KONRAD L. TROPE   State Bar #133214
   *Of Counsel*
RONALD P. SLATES, P.C.
500 S. Grand Avenue, Biltmore Tower Suite 2010
Los Angeles, California 90071
(213) 624-1515 / FAX (213) 624-7536
rslates2@rslateslaw.com
ktrope@tropelawgroup.com

Attorneys for Plaintiff Daniel Yun Deng

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DANIEL YUN DENG, an individual<br><br>                    Plaintiff,<br><br>    vs.<br><br>ZHUANG DENG, an individual; LEI DENG, an individual; JING-SHENG LI, an individual; JING WANG, an individual and DOES 1 through 25, inclusive,<br><br>                    Defendants. | CASE No.<br><br>**COMPLAINT FOR**:<br><br>1.  **VIOLATION OF THE RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS "RICO";**<br>2.  **VIOLATION OF UNIFORM VOIDABLE TRANSACTIONS ACT, ACTUAL INTENT TO HINDER, DELAY OR DEFRAUD A CREDITOR RE: TRUST DEEDS;**<br>3.  **VIOLATION OF UNIFORM VOIDABLE TRANSACTIONS ACT, WITHOUT INTENT TO HINDER, DELAY OR DEFRAUD A CREDITOR RE: TRUST DEEDS;**<br>4.  **AIDING AND ABETTING;**<br>5.  **CONVERSION; and**<br>6.  **UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST** |

Plaintiff DANIEL YUN DENG, an individual, hereby respectfully brings this Complaint and alleges as follows:

## PARTIES

1.      Plaintiff, DANIEL YUN DENG ("Plaintiff" or D. Deng"), is now and

1   was, at all times herein mentioned, an individual residing in the City of Pflugerville,
2   County of Travis, State of Texas.

3       2.      Plaintiff is informed and believes, and based upon such information and
4   belief alleges that Defendant ZHUANG DENG ("Z. Deng"), is now and was, at all
5   times herein mentioned, an individual residing in the City of Burbank, County of Los
6   Angeles, State of California.

7       3.      Plaintiff is informed and believes, and based upon such information and
8   belief alleges, that Defendant, LEI DENG ("L. Deng") is now and was, at all times
9   herein mentioned, an individual residing in the City of Pasadena, County of Los
10  Angeles, State of California.

11      4.      Plaintiff is further informed and believes and based thereon alleges that
12  Defendant L. Deng is the son of Defendant Z. Deng., and a co-conspirator in all
13  unlawful acts committed by Defendant Z. Deng.

14      5.      Plaintiff is informed and believes, and based upon such information and
15  belief alleges, that Defendant, JIN-SHENG LI ("J. Li") is now and was, at all times
16  herein mentioned, an individual residing in the City of Burbank, County of Los
17  Angeles, State of California.

18      6.      Plaintiff is further informed and believes and based thereon alleges that
19  Defendant J. Li is the wife of Defendant Z. Deng and the mother of L. Deng, and a co-
20  conspirator in all unlawful acts committed by Defendant Z. Deng and Defendant L.
21  Deng.

22      7.      Plaintiff is informed and believes, and based upon such information and
23  belief alleges, that Defendant, JING WANG ("J. Wang") is now and was, at all times
24  herein mentioned, an individual residing in the City of Pasadena, County of Los
25  Angeles, State of California.

26      8.      Plaintiff is further informed and believes and based thereon alleges that
27  Defendant J. Wang is the wife of Defendant L. Deng and the daughter-in-law of
28  Defendants Z. Deng and J. Li, and a co-conspirator in all unlawful acts committed by

1  Defendant Z. Deng, Defendant L. Deng and Defendant J. Li.

2       9.    Plaintiff is informed and believes, and based upon such information and
3  belief alleges that Deng Xiaolan, an individual, and the brother of Plaintiff and
4  Defendant Z. Deng may have been involved in the acts complained of herein.
5  However, Plaintiff at this time does not have sufficient facts to maintain a cause of
6  action against Deng Xiaolan. Plaintiff will amend this Complaint to add Deng Xiaolan
7  as a Defendant should sufficient facts be discovered to warrant same.

8       10.    Plaintiff is informed and believes, and based upon such information and
9  belief alleges that Deng Yan, an individual, and the sister of Plaintiff and Defendant
10 Z. Deng may have been involved in the acts complained of herein. However, Plaintiff
11 does not at this time have sufficient facts to maintain a cause of action against Deng
12 Yan. Plaintiff will amend this Complaint to add Deng Yan as a Defendant should
13 sufficient facts be discovered to warrant same.

14      11.    As permitted by Local Rule 19-1, the true names and  capacities of
15 Defendants DOES 1 through 25, inclusive, whether individual,  corporate, associate
16 or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such
17 fictitious names. Plaintiff will amend his Complaint to allege said Doe Defendants' true
18 names and capacities when the same has been ascertained.

19      12.    Plaintiff is informed and believes, and upon such information and belief
20 allege, that each of the defendants named herein as DOES 1 through 25, inclusive,
21 were and are in some manner responsible for the actions, acts and omissions herein
22 alleged, and for the damage caused by the defendants, and are, therefore, jointly and
23 severally liable for the damages caused to Plaintiff.

24      13.    Plaintiff is further informed and believes, and upon such information and
25 belief alleges, that each of the defendants including DOES 1 through 25, inclusive,
26 were, at all times herein mentioned, acting in concert with, and in conspiracy with,
27 each and every one of the remaining defendants.

28      14.    At all times herein mentioned, defendants, and each of them, were an

1 owner, a co-owner, an agent, representative, partner, and/or alter ego of its
2 co-defendants, or otherwise acting on behalf of each and every remaining defendant
3 and, in doing the things hereinafter alleged, were acting within the course and scope
4 of their authorities as an owner, a co-owner, an agent, representative, partner, and/or
5 alter ego of its co-defendants, with the full knowledge, permission and consent of each
6 and every remaining defendant, each co-defendant having ratified the acts of the other
7 co-defendants.

8     15.   Wherever appearing in this Complaint, each and every reference to
9 defendants or to any of them, is intended to be and shall be a reference to all
10 defendants hereto, and to each of them, named and unnamed, including all fictitiously
11 named defendants, unless said reference is otherwise specifically qualified.

12 <center>**JURISDICTION AND VENUE**</center>

13     16.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1138(a)
14 because federal questions are predicated on violations of the Racketeering Influenced
15 and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-1968. The
16 RICO claims are predicated upon violations of 18 U.S.C. §§ 1962 and 1964. The Court
17 also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the non-federal
18 question claims arose from the same nucleus of operative facts.

19     17.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (b)(2)
20 because Plaintiff resides in this judicial district and the events or omissions giving rise
21 to the claims occurred in this judicial district, and all monies due to Plaintiff from
22 Defendants were due and payable in this judicial district.

23 <center>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</center>

24     18.   Deng Tuo and Ding Yilan, husband and wife, resided in the People's
25 Republic of China and had five (5) children, including Daniel Yun Deng, Plaintiff
26 herein and Z. Deng, one of the Defendants herein. Deng Tuo and Ding Yilan died in
27 1967 and 1998, respectively. After their deaths, they left a sizeable estate with a large
28 number of collections such as ancient books, paintings, seals and calligraphy to their

<center>Page 4</center>

1    children.  Most, if not all of said ancient books, paintings, seals and calligraphy were
2    seized by Defendant Z. Deng and concealed by Defendants Z. Deng, J. Li, L. Deng and
3    J. Wang.  Some of said items were auctioned off by Defendant Z. Deng, acting in
4    conspiracy with Defendants J. Li, L. Deng and J. Wang, with Defendants, and each of
5    them, keeping the proceeds derived therefrom and unlawfully transferring the monies
6    received therefor out of China and into their names in the United States of America.
7    Other ancient books, paintings, seals and calligraphy were kept by Defendants, and
8    each of them, and ultimately transported from China to the United States of America.

9        19.    Plaintiff, in response, On March 19, 2018, filed a lawsuit in China and as
10   a result thereof, the Chinese Court, after a trial, found on June 26, 2019, as follows:

11           a.    Deng Tuo and Ding Yilan are husband and wife, the two have 5
12               children, the eldest daughter Deng Xiaolan, the eldest son, Deng
13               Daniel Yun (Plaintiff herein), the second daughter Deng Xiaohong,
14               the second son, Deng Zhuang (one of the Defendant's herein), and
15               the third daughter, Deng Yan.  Both parents died before any of
16               them.  Ding Yilan lived with Z. Deng for many years before her
17               death, and Deng Zhuang (Defendant herein) did more of his
18               support obligations.  Dent Tuo was a well-known collector. He did
19               not leave a will before his death.  After his death, he left a large
20               number of collections of ancient books, paintings and calligraphy.
21               Ding Yilan left a will, and Plaintiff herein, Deng Daniel Yun
22               (Plaintiff herein) and the other heirs have divided the estate
23               involved in the will (the "Family Estate"). Ding Yilan had another
24               wish; the family left a set of real estate managed by Deng Zhuang
25               (Defendant herein) for their reunion.  Also, because Plaintiff
26               herein, Daniel Yun Deng, and Deng Yan both live in the United
27               States, Deng Zhuang (Defendant herein) paid Deng Daniel Yun
28               (Plaintiff herein) and Deng Yan each 1 million yuan and bought it

1    |   The share of the property rights of the 2 persons is registered as the
2    |   joint ownership of Deng Zhuang (Defendant herein), Deng
3    |   Xiaohong and Deng Xiaolan, and each of them, enjoys one-third
4    |   of the property rights.

5    b.   In the spring and autumn of 2016, Deng Zhuang (Defendant
6    |   herein) handed over part of the collection left by his parents
7    |   (including the collections that Deng Zhuang and Deng Yan had
8    |   inherited) to Sungari International Auction Co., Ltd (hereinafter the
9    |   "auction company") for auction, and the other part of the collection
10   |   was sold to Lin. The auction and sale of the inheritance obtained
11   |   totaled 50,395,850 yuan and the auction of No. 447 collection,
12   |   916,500 yuan. Deng Daniel Yun (Plaintiff herein) and Deng
13   |   Zhuang (Defendant herein) and the other heirs agreed to calculate
14   |   at the 2.25% interest rate of the two-year fixed deposit. The
15   |   proceeds from the later state of the auction amounted to
16   |   2,275,826.21 yuan and all above are held and controlled by Deng
17   |   Zhuang (Defendant herein). A true and correct copy of the
18   |   Judgment of the Chinese Court is attached hereto and incorporated
19   |   herein by reference as though set forth in full as Exhibit "1".

20   c.   The disputed collection No. 447 *Six Dynasties Writing Scriptures*
21   |   (the auction record is *Tangren Writing Scriptures*) which is part of
22   |   the Family Estate is an ancient painting and calligraphy made by
23   |   an unknown name. In 2016 Deng Zhuang (Defendant herein)
24   |   commissioned the auction company to obtain 916,500 yuan from
25   |   the spring auction. During the trial, Deng Zhuang (Defendant
26   |   herein) submitted *The First Allocation (1998)*, which printed a part
27   |   of the collection under the names of "Zhuang" and Yanyan". In
28   |   the printing part, Deng Xiaolan wrote some of the collection

afterward, including *Six Dynasties Writing Scriptures 447* is registered on the side of "Zhuang" (Defendant Z. Deng herein).

d.  The Chinese Court believes that part of the collection by Deng Tuo and Ding Yilan during their lifetimes was auctioned and sold by Deng Zhuang (Defendant herein) to obtain part of the proceeds as well as financial management and interest. See Exhibit "1" hereto at pages 5-7;

e.  The Chinese Court stated that Deng Daniel Yun's (Plaintiff herein) request for inheritance and division should be supported. Deng Daniel Yun (Plaintiff herein) argued that Collection No. 447 is also the undivided inheritance of his parents and should be divided. *Id.* at page 5-7;

f.  The Chinese Court found that Deng Zhuang (Defendant herein) claimed that there was a record in the *First Distribution (1998)*, and Deng Xiaolan also proved that Collection No. 447 had been allocated to Deng Zhuang (Defendant herein), but Deng Daniel Yun (Plaintiff herein) and others were not signed to confirm in the *First Distribution (1998)*, so the evidence presented by Deng Zhuang (Defendant herein) is not sufficient to prove his claim. Collection No. 447 should be divided and inherited as the estate of Deng Tuo and Ding Yilan. *Id.* at page 5-7;

g.  Deng Zhuang (Defendant herein) did not seek the consent of other heirs before auctioning and selling the estate. His private auction was really inappropriate.

20.  On June 26, 2019, in accordance with Article 5 and Article 13-3 Paragraph 3 of the *Inheritance Law of the People's Republic of China,* the Article 59 of the *Supreme People's Court on the implementation of certain issues concerning the Inheritance Law of the People's Republic of China,* the Chinese Court entered

judgment as follows:

a.  Deng Tuo and Ding Yilan's collection of auctions, sales and interest income of 53,588,176.21 yuan belong to Deng Daniel Yun (Plaintiff herein), Deng Zhuang (Defendant herein), Deng Xiaohong, Deng Xiaolan and Deng Yan. Within ten days after this judgment becomes effective, Deng Zhuang (Defendant herein) shall pay Deng Daniel Yun (Plaintiff herein), Deng Xiaohong, Deng Xiaolan and Deng Yan $10,181,753 yuan each.

b.  If the obligation to pay money is not fulfilled within the period specified in this judgment, the interest on the debt during the delayed performance period shall be doubled in accordance with the provisions of Article 253 of the *Civil Procedure Law of the People's Republic of China.*

21.  The Court decided that the interest be calculated at an APR of 2.25%. Pursuant to the Judgment, Defendant Z. Deng got 24% of the total amount, the other four got 19% each. Therefore Defendant Z. Deng must pay to Plaintiff the sum of 10,181,753 yuan plus the court fees of 74,337 yuan for a total of 10,256,090 yuan.

22.  Plaintiff herein filed an appeal on July 25, 2019 with the Chinese Appellate Court because Plaintiff believed that Defendant Z. Deng was going to file an appeal and he wanted to preempt same.

23.  Defendant L. Deng returned to Beijing to handle all matters for his father, Defendant Z. Deng.

24.  On October 25, 2019, the Chinese Appellate Court ruled and declared that the Judgment of June 26, 2019 was effective on that date.

25.  Pursuant to the Chinese Judgment dated June 26, 2019, if Z. Deng fails to pay the parties, including Plaintiff herein, ten (10) days after the effective date of said Judgment (June 26, 2019), the interest will be doubled (FPR 4.5%) starting on November 2, 2019.

26.    On November 7, 2019, because Defendant Z. Deng refused to execute the Judgment, Plaintiff filed an Application for the Chinese Court to enforce the Judgment.

27.    On November 23, 2019, Defendant L. Deng, on behalf of Defendant Z. Deng, paid Hong (the sister of Plaintiff and Z. Deng) 4,447,275 yuan which was less than one-half of the amount ordered in the Judgment.

28.    On January 9, 2020, enforcement of the Judgment began by Plaintiff and his collection team in China.

29.    On May 30, 2020, Plaintiff learned from his lawyer that Defendant Z. Deng's bank account had been emptied.

30.    On April 2, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due.  A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "2".  No reply was ever received from Defendant Z. Deng or anyone acting on his behalf.

31.    On May 1, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due.  A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "3".  No reply was ever received from Defendant Z. Deng or anyone acting on his behalf.

32.    On June 1, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due.  A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "4".  No reply was ever received from Defendant Z. Deng or anyone acting on his behalf.

33.    On July 1, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due.  A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "5".  No reply was ever received by

Defendant Z. Deng or anyone acting on his behalf.

34.    On August 3, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due. A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "6". No reply was ever received by Defendant Z. Deng or anyone acting on his behalf.

35.    On September 1, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due. A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "7". No reply was ever received by Defendant Z. Deng or anyone acting on his behalf.

36.    On October 1, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due. A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "8". Said email was "rejected" by Defendant Z. Deng's server.

37.    On October 26, 2020, Plaintiff sent an email to Defendant Z. Deng at dengzhuang@163.com and azhuang@vip.163.com demanding payment of the outstanding amount due. A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "9". Said email was "rejected" by Defendant Z. Deng's server.

38.    On January 27, 2021, Plaintiff submitted another application requesting the enforcement team in Beijing to retrieve four years of detailed statements from Defendant Z. Deng's three (3) bank accounts (which he had provided to the Court).

39.    On May 6, 2021, Plaintiff received three (3) sets of detailed statements of Defendant Z. Deng's three bank accounts. Said detailed statements revealed that Defendant Z. Deng, with the assistance of the other Defendants named herein, had transferred all of the monies which had been located in said accounts to accounts

1  located in the United States leaving no monies whatsoever in said accounts in Beijing.

2      40.    On June 11, 2021, Plaintiff mailed two (2) letters by certified mail return
3  receipt requested to Defendant L. Deng demanding payment of the outstanding
4  amounts due pursuant to the Chinese Judgment. Said letters were sent to Defendant L.
5  Deng at 2750 San Pasqual Street, Pasadena, CA 91107 and 9321 Via Ferrara, Burbank,
6  CA 91504. The return receipts were never signed and returned and neither of the
7  demand letters were ever returned as undeliverable. A true and correct copy of said
8  demand letter is attached hereto and incorporated herein by reference as Exhibit "10".

9      41.    On July 7, 2021, Plaintiff sent a text message to Defendant L. Deng's cell
10 phone at 708-543-1797 demanding payment of the outstanding amount due. To date,
11 Plaintiff has not received a response thereto.

12     42.    On July 22, 2021, Plaintiff hired Southwest Recovery Services, Inc in
13 Dallas, Texas, to send a letter to Defendants Z. Deng and L. Deng demanding payment
14 of the outstanding indebtedness due. To date no response whatsoever has been
15 received from Defendants Z. Deng and L. Deng.

16     43.    From May 3, 2016 through at least March 21, 2021, Defendants, and each
17 of them, have systematically transferred via wire transfer and/or mail and/or ACH
18 payments, all monies from the accounts of Defendants in various banks throughout
19 China to bank accounts throughout the United States of America. Defendants made
20 over twenty-five (25) wire transfers in order to circumvent the mandates imposed by
21 the Chinese Court Judgment. A true and correct copy of the funds illegally transferred
22 and received from the various accounts of Defendants, and each of them, is attached
23 hereto and incorporated herein by reference as Exhibit "11".

24                      **FIRST CAUSE OF ACTION**

25     (Violations of the Racketeering Influence and Corrupt Organizations ("RICO")

26                          Against all Defendants)

27     44.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
28 through 43, inclusive of its Complaint with the same force and effect as though set

1    forth in full.

2        45.    The relevant time period for Defendants Z. Deng's, L. Deng's, J. Wang's

3    and J. Li's pattern of racketeering stems from 1998 through the present, and possibly

4    earlier, but at this point in discovery is as yet unknown and continues to the filing of

5    this RICO Complaint.

6        46.    Defendant Z. Deng is now and was at all times relevant to this action the

7    RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

8    1962(c).

9                            **The RICO Enterprise**

10       47.    The RICO Person has used an association-in-fact "enterprise" within the

11    meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity. This

12    enterprise consists of the RICO Person and Defendants L. Deng, J. Li and J. Wang all

13    of whom are family members of Defendant Z. Deng (the "Zhuang Family").  This

14    enterprise possessed and continues to possess a common purpose and goal, a

15    membership, organizational structure, and an ongoing relationship amongst the RICO

16    Persons and the Zhuang Family, with sufficient longevity to permit and enable pursuit

17    of the enterprise's purpose and long term objective through a continuous course of

18    conduct that affected and continues to affect interstate and foreign commerce.

19       48.    This enterprise exists separate and apart from Defendant Z. Deng's pattern

20    of racketeering activity inasmuch as the RICO Person and the Zhuang Family have

21    multiple goals, not all of which are fraudulent or illegal.  The lawful activity engaged

22    in by the enterprise includes functioning as a regular family. However, Defendant The

23    RICO Person and the Zhuang Family have, since at least March of 2018 used this

24    enterprise to conduct the related acts of money laundering comprising the pattern of

25    racketeering, as well as the continuous acts set forth herein above, which constitute

26    violations of the acts of money laundering.

27       49.    Defendant Z. Deng is a "person" under the civil RICO statute because he

28    knowingly and fraudulently masterminded, conducted and participated in the conduct,

1  the management and the operation of the enterprise's affairs, directly or indirectly,
2  through a pattern of money laundering racketeering activity in violation of 18 U.S.C.
3  § 1962(c).

4      50.    As part of the money laundering scheme, Defendants, at the direction o
5  Defendant Z. Deng, in conjunction with other conspirators, used a complex scheme to
6  divert proceeds of various Deng family accounts in China and illegally wired or
7  transferred these monies from within the mainland of the Peoples Republic of China
8  to Hong Kong banks and elsewhere.  Then Defendants would subsequently by wire
9  transfer or other means withdraw large sums of cash and send the same via couriers
10  from Hong Kong and China into the United States, which would subsequently be
11  transferred to United States bank accounts controlled by Defendants.

12      51.    At all relevant times, the Defendants and other conspirators associated
13  with this enterprise conducted and participated, directly or indirectly, in the conduct
14  of the enterprise affairs through a "pattern of racketeering activity" within the meaning
15  of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

16      52.    Specifically, at all relevant times, Defendant and other conspiring
17  Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. §
18  1961(1) by engaging in the acts set forth above against Plaintiff and other financial
19  institutions in the marketplace all with the express purpose of avoiding enforcement
20  of the Chinese court judgment.

21      53.    In furtherance of this racketeering pattern, since March 2018, Defendants
22  caused monies to be transferred into the United States and pay down the mortgage
23  and/or cover expenses for the property located at 9321 Via Ferrera, Burbank,
24  California 91504 (the "Burbank Property"), which property had been purchased in
25  2012 by Defendant Li Deng.  In addition, Defendants, as part of their racketeering
26  activity also took the diverted funds illegally taken out of China and deposited into
27  United States banks, and said funds were also use to purchase a home located at 2750
28  San Pasqual Street, Pasadena, California 91107 (the "Pasadena Property"), in 2019.

1    Thus, the acts set forth above constitute a violation of one or more of the following
2    statutes:  18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1957 (money laundering).
3    Defendants and their accomplices and co-conspirators each committed and/or aided
4    and abetted in the commission of two or more of these acts of racketeering activities.

5        54.    The Defendants and the other conspirators committed and caused to be
6    committed a series of overt acts in the furtherance of the conspiracy and to effect the
7    objects thereof, including but not limited to the acts set forth above.

8        55.    The acts of racketeering activity referred to in the previous paragraphs
9    constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. §
10    1951(5). The acts alleged were related to each other by virtue of common participants,
11    common victims and a common result of fraud and enriching the Defendants and
12    conspirators at Plaintiff's expense while concealing the conspirators' fraudulent
13    activities.  The money laundering and fraudulent scheme continues and would have
14    remained unknown but for Plaintiff seeking to have the enforcement of the Chinese
15    judgment which was rendered in his favor and against the Defendants.

16        56.    As a result of their misconduct, Defendants are liable to Plaintiff for the
17    sums stolen and laundered into this country whereby the source of the funds was
18    hidden and disclosed and the purpose of the funds was further hidden from disclosure
19    by the two real estate purchases and the maintenance of the two real estate properties
20    described herein above.

21        57.    Defendant Z. Deng's RICO predicate acts in furtherance of his scheme to
22    launder funds to avoid enforcement of the Chinese Judgment constituted a pattern of
23    racketeering activity within the meaning of 18 U.S.C. § 1961(5) because the predicate
24    acts are related and continuous.  Each predicate act described herein above had the
25    same or similar purpose: the predicate acts involved material misrepresentations,
26    omissions and concealment in a scheme to injure Plaintiff and defraud Plaintiff of his
27    rightful share of the family estate assets which would have been more had Plaintiff not
28    finally recognized the fraudulent nature of  all the predicate acts described herein

1  above.   This pattern of racketeering is separate and distinct from the legitimate
2  business activities of Defendant Z. Deng and the ZhuangFamily.

3      58.    To date, Plaintiff has been damaged in at least the sum of $1,600,000.00
4  plus prejudgment interest, attorneys' fees.

5      59.    Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover
6  three-fold his damages, plus costs and attorneys' fees from the Defendants.

7                          **SECOND CAUSE OF ACTION**

8        (Violation of Uniform Voidable Transactions Act, With Intent to Hinder,

9         Delay or Defraud a Creditor re: Monies Transferred against all Defendants)

10     60.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
11  through 59, inclusive, of Plaintiff's Complaint with the same force and effect as though
12  set forth herein.

13     61.    Plaintiff is informed and believes, and based on such information and
14  belief, alleges that at least from March of 2018 through the present, and while the
15  action in China was pending, and after the Chinese Judgment had been rendered,
16  Defendants, transferred funds out of China which rightfully belonged to Plaintiff and
17  transferred those funds into bank accounts in the United States including but not
18  limited to Chase Bank, and then improved and/or purchased the Burbank Property and
19  the Pasadena Property, respectfully.

20     62.    Plaintiff is informed and believes, and based on such information and
21  belief, alleges that the aforementioned intentional acts of Defendants in purchasing the
22  Pasadena Property was made with knowledge of the June 26, 2019 Chinese Judgment
23  which judgment was rendered against Defendants and in favor of Plaintiff with an
24  actual intent, within the meaning of California Civil Code § 3439.04, to hinder, delay,
25  or defraud Plaintiff in the collection of the Plaintiff's claims and ultimately Plaintiff's
26  judgment against Defendants, as demonstrated by the following statutorily recognized
27  "badges of fraud," including but not limited to:

28              a.     Defendants never had any intentions of disclosing the

improvements to or purchase of the Burbank Property and the Pasadena Property;

b.    Defendants had no intent of disclosing the various illegal transfers of funds from the Peoples Republic of China into bank accounts in Hong Kong and in the United States and subsequently the use of those funds for purchase of the Pasadena property; and

c.    The purchase of the Pasadena property was an effort to disguise the location and the origin of the funds which were illegally taken out of the Peoples Republic of China in an effort to hinder and delay Plaintiff from enforcing the judgment and from collecting those monies as damages against Defendants for a bonafide debt owed to Plaintiff.

63.    As a proximate result of the actions alleged above by the named Defendants, and each of them, Plaintiff is informed and believes, and based on such information and belief, alleges that Defendants will be without separate and/or community assets to partially or wholly satisfy the judgment of the Chinese court against Defendants which judgment is due and owing to Plaintiff.  The result has been that Plaintiff has been damaged in an amount to be proven at trial but no less than $1.6 million, plus legal interest thereon at the rate of ten percent (10%) per annum from and after June 26, 2019.

64.    Plaintiff is informed and believes, and based on such information and belief, alleges that the aforementioned conduct of the Defendants named herein, and each of them, was a substantial factor in causing harm to Plaintiff as alleged herein and by statute Plaintiff is entitled to, including but not limited to:

a.    Avoidance or cancellation of the purchase of the Pasadena property or otherwise compel its sale to the extent necessary to satisfy Plaintiff's claims;

b.    A judgment for the value of the Pasadena property, equal to the

COMPLAINT

1    value of the Chinese judgment, subject to adjustment as equities
2    may require, or the amount necessary to satisfy the Plaintiff's
3    claim, whichever is less; or

4        c.    Any other relief the circumstances may require against the
5            Defendants named herein, and each of them.

6    65.    Plaintiff is informed and believes, and based on such information and
7    belief, alleges that the aforementioned conduct of Defendants named herein, and each
8    of them, was undertaken with the intent to hinder, delay or defraud any creditor,
9    including but not limited to Plaintiff, thereby depriving Plaintiff of property or legal
10    rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff
11    to a cruel and unjust hardship in conscious disregard of Plaintiff's right, so as to justify
12    an award of punitive and exemplary damages against the Defendants named herein,
13    and each of them.

14                    **THIRD CAUSE OF ACTION**

15    (Violation of Uniform Voidable Transactions Act, Without Intent to Hinder,
16    Delay or Defraud a Creditor re: Monies Transferred against all Defendants)

17    66.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
18    through 65, inclusive, of Plaintiff's Complaint with the same force and effect as though
19    set forth herein.

20    67.    Plaintiff is informed and believes, and based on such information and
21    belief, alleges that at least from March of 2018 through the present, and while the
22    action in China was pending, and after the Chinese Judgment had been rendered,
23    Defendants, transferred funds out of China which rightfully belonged to Plaintiff and
24    transferred those funds into bank accounts in the United States including but not
25    limited to Chase Bank, and then improved and/or purchased the Burbank Property and
26    the Pasadena Property, respectfully.

27    68.    Plaintiff is informed and believes, and based on such information and
28    belief, alleges that the aforementioned acts of Defendants in purchasing the Pasadena

Page 17

1  Property even if made without knowledge of the June 26, 2019 Chinese Judgment
2  which judgment was rendered against Defendants and in favor of Plaintiff,
3  nevertheless, within the meaning of California Civil Code § 3439.04, constructively
4  constituted acts to hinder, delay, or defraud Plaintiff in the collection of the Plaintiff's
5  claims and ultimately Plaintiff's judgment against Defendants, as demonstrated by the
6  following statutorily recognized constructive "badges of fraud," including but not
7  limited to:

8      a.  Defendants never disclosed to the Chinese Court or to Plaintiff the
9          improvements to or purchase of the Burbank Property and the
10         Pasadena Property;

11     b.  Defendants never disclosed the various illegal transfers of funds
12         from the Peoples Republic of China into bank accounts in Hong
13         Kong and in the United States and subsequently the use of those
14         funds for purchase of the Pasadena property; and

15     c.  The purchase of the Pasadena property constructively disguised the
16         location and the origin of the funds which were illegally taken out
17         of the Peoples Republic of China in an effort to hinder and delay
18         Plaintiff from enforcing the judgment and from collecting those
19         monies as damages against Defendants for a bonafide debt owed
20         to Plaintiff.

21     69.  As a proximate result of the actions alleged above by the named
22  Defendants, and each of them, Plaintiff is informed and believes, and based on such
23  information and belief, alleges that Defendants will be without separate and/or
24  community assets to partially or wholly satisfy the judgment of the Chinese court
25  against Defendants which judgment is due and owing to Plaintiff. The result has been
26  that Plaintiff has been damaged in an amount to be proven at trial but no less than
27  $1,600,00.00, plus lawful interest thereon at the rate of ten percent (10%) per annum
28  from and after June 26, 2019.

70.    Plaintiff is informed and believes, and based on such information and belief, alleges that the aforementioned conduct of the Defendants named herein, and each of them, was a substantial factor in causing harm to Plaintiff as alleged herein and by statute Plaintiff is entitled to, including but not limited to:

a.    Avoidance or cancellation of the purchase of the Pasadena property or otherwise compel its sale to the extent necessary to satisfy Plaintiff's claims;

b.    A judgment for the value of the Pasadena property, equal to the value of the Chinese judgment, subject to adjustment as equities may require, or the amount necessary to satisfy the Plaintiff's claim, whichever is less; or

c.    Any other relief the circumstances may require against the Defendants named herein, and each of them.

### FOURTH CAUSE OF ACTION

(Aiding and Abetting Against All Defendants)

71.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 43, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

72.    Plaintiff is informed and believes and based upon such information and belief alleges that all Defendants, and each of them, owed Plaintiff a duty not to hinder, delay, or defraud Plaintiff in his collection of his claim and judgment against Defendant Z. Deng.

73.    Plaintiff is informed and believes and based upon such information and belief alleges that the Defendants named herein, and each of them, aided and abetted each of the other Defendants in the tortious acts that were intentionally committed against Plaintiff, including but not limited to the fraudulent transferred alleged herein as well as the money laundering activity which is described further herein below. In addition, Defendants were also responsible for the improvements made to the Burbank

1  property using the funds illegally transferred out of China which rightfully belong to

2  Plaintiff as part of satisfaction of his claim and judgment against Defendant Z. Deng.

3      74.    Plaintiff is informed and believes and based upon such information and

4  belief alleges that each of the Defendants named herein, and each of them, knew that

5  the others' conduct constituted a breach of a duty owed to Plaintiff.  Plaintiff is

6  informed and believes and based upon such information and belief alleges that the

7  Defendants named herein, and each of them, gave substantial assistance or

8  encouragement to the others to so act, or gave substantial assistance to the others in

9  accomplishing a tortious result and that said Defendants' own conduct, separately

10  considered, constituted a breach of a duty to Plaintiff.

11      75.    As a proximate result of the aiding and abetting alleged above by the

12  named Defendants, and each of them, Plaintiff is informed and believes and based

13  upon such information and belief alleges that Defendant Z. Deng is without assets

14  sufficient to satisfy his portion of Plaintiff's judgment against Defendant Z. Deng,

15  whether as community property or as voidable transfers, which as a result has damaged

16  Plaintiff in an amount to be proven at trial, but in no event is not less than the sum of

17  $1.6 million, plus legal interest thereon at the rate of ten percent (10%) per annum

18  from and after June 26, 2019.

19      76.    Plaintiff is informed and believes, and based on such information and

20  belief, alleges that the aforementioned conduct of the Defendants named herein, and

21  each of them, was undertaken with the intent to hinder, delay or defraud any creditor

22  including but not limited to, Plaintiff, thus depriving Plaintiff of his property or legal

23  rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff

24  to a cruel and unjust hardship in conscious disregard of Plaintiff's right so as to justify

25  an award of punitive and exemplary damages against the Defendants named herein,

26  and each of them.

27              **FIFTH CAUSE OF ACTION**

28              (Conversion Against All Defendants)

77.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 43, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth herein.

78.    From on or about March 18, 2018 through the present, Plaintiff was and still is the owner of and entitled to possession of the $1,600,000.00 taken by Defendants.

79.    From on or about at least March 18, 2018 through the present, the above-mentioned property had a value of at least $1,600,000.00.

80.    From on or about at least March 18, 2018 through the present, Defendants, and each of them, took the above-mentioned property from Plaintiff and converted the same to their own use and benefit.

81.    From on or about March 18, 2018 through the present, when Plaintiff first realized that Defendants, and each of them, had taken Plaintiff's monies/property and converted same to their own use and benefit, Plaintiff demanded, orally and in writing, that Defendants immediately turn over the above-mentioned property to Plaintiff but Defendants, and each of them, to date, have failed and refused and continue to fail and refuse to do so.

82.    As a proximate result of Defendants' conversion, Plaintiff has been deprived of the use and benefit to be derived from the property converted, all to Plaintiff's damage in at least the sum of $1,600,000.00 or according to proof at the time of trial.

83.    Since Defendants, and each of them, knew that Plaintiff needed the aforesaid property, and that he would incur substantial hardship and expenses as a result of the conversion of the property belonging to Plaintiff by Defendants, and each of them, to themselves for their own use and benefit, the aforementioned conduct of Defendants, and each of them, was done with the intention on the part of the Defendants of depriving Plaintiff of his property and/or legal rights and otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust

1  hardships in conscious disregard of Plaintiff's rights so as to justify an award of
2  exemplary and punitive damages.

3                    **SIXTH CAUSE OF ACTION**

4  (Unjust Enrichment and Imposition of Constructive Trust Against all Defendants)

5       84.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
6  through 43, inclusive, of Plaintiff's Complaint with the same force and effect as though
7  set forth herein.

8       85.    Plaintiff is informed and believes and based upon such information and
9  belief alleges that all defendants have been unjustly enriched through their fraudulent
10  and illegeal money laundering activities and voidable transfers described hereinabove.

11      86.    Plaintiff is informed and believes and based upon such information and
12  belief alleges that defendants named herein were unjustly enriched through the
13  obtaining of funds of Z. Deng whereby such funds were used to make repairs and
14  upgrades to the Burbank Property, and also such funds were used to purchase the
15  Pasadena Property. Thus all Defendants, jointly, are enjoined in the unjust enrichment
16  from the misappropriation of the funds as well as the application of those funds being
17  used to upgrade the Burbank Property and purchase the Pasadena Property.

18      87.    Accordingly, because Defendants are receiving benefits at the expense of
19  Plaintiff, it would be unjust for Defendants to keep this unjust enrichment without
20  compensation.

21      88.    Therefore, Plaintiff seeks the imposition of a constructive trust whereby
22  Defendants are prohibited from encumbering, selling, hypothecating, or othrwise
23  disposing of the Pasadena Property held in the name of Defendants L. Deng and J.
24  Wang as well as the Burbank Property held in the name of Defendant L. Deng, solely.

25                         **PRAYER**

26      **WHEREFORE**, Plaintiff prays for relief as follows:

27  On the First Cause of Action:

28      1.    For damages in at least the sum of $1,600,000.00 or according to proof

1   at the time of trial;

2         2.    For interest thereon at the lawful rate of 10% per annum from and after

3   March 19, 2018;

4         3.    For punitive and exemplary damages to the extent provided by law;

5         4.    For attorney's fees to the extent permitted by law;

6   <u>On the Second Cause of Action</u>

7         5.    For damages in at least the sum of $1,600,000.00 or according to proof

8   at the time of trial;

9         6.    For interest thereon at the lawful rate of 10% per annum from and after

10   March 19, 2018;

11         7.    For attorney's fees to the extent permitted by law;

12   <u>On the Third Cause of Action</u>

13         8.    For damages in at least the sum of $1,600,000.00 or according to proof

14   at the time of trial;

15         9.    For interest thereon at the lawful rate of 10% per annum from and after

16   March 19, 2018;

17        10.    For attorney's fees to the extent permitted by law;

18   <u>On the Fourth Cause of Action</u>

19        11.    For damages in at least the sum of $1,600,000.00 or according to proof

20   at the time of trial;

21        12.    For interest thereon at the lawful rate of 10% per annum from and after

22   March 19, 2018;

23   <u>On the Fifth Cause of Action</u>

24        13.    For damages in at least the sum of $1,600,000.00 or according to proof

25   at the time of trial;

26        14.    For interest thereon at the lawful rate of 10% per annum from and after

27   March 19, 2018;

28        15.    For punitive and exemplary damages to the extent provided by law;

COMPLAINT

16.    For attorney's fees to the extent permitted by law;

On the Sixth Cause of Action

17.    For damages in at least the sum of $1,600,000.00 or according to proof at the time of trial;

18.    For interest thereon at the lawful rate of 10% per annum from and after March 19, 2018;

19.    For attorney's fees to the extent permitted by law;

On All Causes of Action

20.    For costs of suit incurred herein; and

21.    For any such other and further relief as this Honorable Court deems just and proper.

Dated:   March 9, 2022

Respectfully submitted,

RONALD P. SLATES
A PROFESSIONAL CORPORATION


BY: RONALD P. SLATES
Attorney for Plaintiff

COMPLAINT