1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YUN DENG, an individual, | Case No. 2:22-cv-01585-FWS |
|         Plaintiff, | |
|       v. | **JUDGMENT** |
| ZHUANG DENG, an individual; LEI DENG, an individual; JING-SHENG LI, an individual; JING WANG, an individual; and DOES 1-25, inclusive | |
|         Defendants. | |

## **JUDGMENT**

**WHEREAS**, on March 24, 2023, Defendants Lei Deng, Zhuang Deng, Jing-Sheng Li, and Jing Wang (collectively, "Defendants") filed a Motion to Enforcement Settlement Agreement ("Motion"). (Dkt. No. 47.)

**WHEREAS**, Plaintiff Daniel Yun Deng ("Plaintiff") filed an opposition to Defendants' Motion ("Opposition"). (Dkt. No. 54.)

**WHEREAS**, Defendants filed a reply in support of the Motion ("Reply") (Dkt. No. 55.)

**WHEREAS**, on August 10, 2023, the court ordered the parties to meet and confer further as to the Motion, pursuant to Local Rule 7-3, and per the parties' stipulation after the meet and confer process, the Court continued the hearing on Defendants' Motion to January 2, 2024. (Dkt. No. 56.)

**WHEREAS**, on January 2, 2024, based on the parties' joint status report and request for additional time to execute the settlement, the court continued the hearing on Defendants' Motion from January 2, 2024, to March 7, 2024.

**WHEREAS**, on March 7, 2024, the court held a hearing on this matter.

Having read and considered the papers and arguments submitted for and against the Motion, all of the pertinent records and documents on file in this case, the accompanying documents filed therewith, as well as Plaintiff's Objections In Response to Defendants' Proposed Judgment,[1] (Dkt. 74), and Defendants' Responses, (Dkt. 75), the court makes the following findings and orders:

1. On November 8, 2022, the parties attended a mediation before Judge Tevrizian and signed a "Stipulation for Settlement" using a short form in which the parties wrote in handwritten terms, including those terms and conditions set forth in Addendum A to the Stipulation for Settlement. The parties signed the

---

[1] Plaintiff's Objections, to the extent they are inconsistent with this Judgment, are **OVERRULED**.

Stipulation for Settlement, which included the handwritten terms, and Addendum A (collectively, the "Settlement Agreement").

2.    The Settlement Agreement is a valid and enforceable agreement under California because (1) the parties to the Settlement Agreement had legal capacity to enter into the agreement at issue, (2) the Settlement Agreement is valid and lawful agreement between the parties, (3) substantial evidence demonstrate that both Plaintiff and Defendants consented to the terms of the Settlement Agreement, (4) the Settlement Agreement is supported by sufficient consideration by both Plaintiff and Defendants, and (5) the Settlement Agreement is a "complete" agreement in that it contains all materials terms and provides sufficient information regarding the scope of the parties' respective duties.

3.    Under the terms of the Settlement Agreement, within 30 days of the Agreement's execution, the parties must "execute any documents and/or provide any information to effectuate the mutual releases . . . pursuant to the terms of this agreement, including, but not limited to, any documents necessary to cause the dismissal with prejudice of all pending actions," other than the instant action." (Dkt. 47-1 at 14 ¶ 4.)  This obligation includes "the dismissal of any and all enforcement actions filed with any court in any jurisdiction in the People's Republic of China, as well as the filing of any documents necessary to inform any court in the People's Republic of China, that the Chinese Judgment in this action has been satisfied."  (*Id*.)

4.    Under the terms of the Settlement Agreement, within 60 days of the Agreement's execution, the parties the parties must "jointly agree to appraise" the Burbank Property.  (Dkt. 47-1 at 14 ¶ 2(a).)

5.    Under the terms of the Settlement Agreement, within 90 days of the Agreement's execution, Defendants must transfer title of the Burbank Property to Plaintiff or Plaintiff's designee. (Dkt. 47-1 at 14 ¶ 2(c)-(d).)

6.      Under the terms of the Settlement Agreement, within 90 days of the recording of the Burbank Property's transfer, the parties must secure the remainder of the settlement payment, *i.e.*, the difference between the Burbank Property's appraisal value and $950,000, using a security interest in the Pasadena Property and "cooperate to execute any documents and/or provide any information necessary to secure [the remaining amount].". (Dkt. 47-1 at 14 ¶ 2(e).)

7.      Under the terms of the Settlement Agreement, within one year of the recording of the Burbank Property's transfer, Defendants must pay the remaining amount of the Settlement Agreement.  (Dkt. 47-1 at 14 ¶ 2(e).)

8.      Within four years of Plaintiff receiving title to the Burbank Property, Plaintiff or Plaintiff's designee must either sell the Burbank Property in an arm's length sale or agree to a joint appraisal of the Burbank Property with Defendants and pay Defendants 50% of the appraisal value above $950,000. (Dkt. 47-1 at 14 ¶ 3.)

9.      Because the Settlement Agreement is a "complete" agreement, the fact that the parties were unable to execute a long form agreement does not affect the enforceability of the Settlement Agreement.

10.      The court **ORDERS** the Settlement Agreement to be enforced against both parties, as follows:

a.      Within 30 days of this Judgment, Plaintiff shall dismiss the Chinese action with prejudice and file the necessary proof of Chinese action's dismissal with prejudice with the Court;

b.      Within 90 days of this Judgment, Defendants shall transfer the title to the Burbank Property to Plaintiff, and file the necessary proof of such transfer with the Court.

1    11.    The outstanding Order to Show Cause is **DISCHARGED**.  (Dkt. 60).

2

3    **IT IS SO ORDERED**.

4

5

6    Dated:  June 4, 2024

                                              Hon. Fred W. Slaughter

7                                                  UNITED STATES DISTRICT JUDGE

JUDGMENT